# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>    Plaintiff,<br><br>  v.<br><br>HEALTHY SMILES, et al.,<br><br>    Defendants.<br>_____ / | CASE NO.  1:09-cv-01772-OWW-SKO<br><br>**ORDER DISMISSING AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

    Plaintiff John Frederick Wheeler ("Plaintiff") is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983 that he filed on October 8, 2009. On November 17, 2009, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and issued an order dismissing the complaint for failure to state a cognizable claim. The Court, however, granted Plaintiff thirty (30) days to amend his complaint. On December 10, 2009, Plaintiff filed an amended civil rights complaint.

## DISCUSSION

**A.    Screening Standard**

    In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from

1

such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Failure to State a Claim**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**C.     Discussion**

　　**1.     November 17, 2009, Screening Order**

In his original complaint, Plaintiff claimed that his dental providers violated his civil rights by providing him with a poor set of dentures. In its November 17, 2009, screening order, the Court explained that, in order to state a claim pursuant to Section 1983, Plaintiff must plead that defendants acted under the color of state law at the time the act complained of was committed, and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The Court further explained that, generally, private parties are not acting under color of state law. The Court concluded that Plaintiff failed to allege specific facts warranting an inference that Defendants acted under color of state law in a way that resulted in a deprivation of any federally protected rights. Finally, the Court noted that Plaintiff's claims appeared to be common law state claims in contract and/or tort. In light of this, the Court explained that Plaintiff had failed to state any basis for subject matter jurisdiction in this Court. The Court granted Plaintiff thirty (30) days to amend his complaint. Plaintiff filed a First

Amended Complaint on December 10, 2009.

### 2. Allegations of the First Amended Complaint

In his First Amended Complaint ("FAC"), Plaintiff reasserts that Defendants, consisting of entities or individuals engaged in the practice of dentistry or activities related to dentistry, created a poor set of dentures for Plaintiff, caused Plaintiff physical pain and embarrassment, and then charged Plaintiff additional money to repair the dentures. Among other things, Plaintiff asserts that he is unable to speak well with the dentures fashioned by Defendants, and, therefore, Defendants have impinged on his freedom of speech under the First Amendment, and have deprived him of Due Process of law under the Fifth Amendment.

### 3. Plaintiff Has Not Adequately Alleged that Defendants Were Acting Under the Color of State Law to Support a Section 1983 Claim

#### a. Plaintiff's Section 1983 Claim is Insufficient

To state a claim under Section 1983, a plaintiff must plead that the defendant acted under color of state law. *Gibson*, 781 F.2d at 1338. Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The Constitution protects individual rights only from government action, and not from private conduct of which Plaintiff complains violates his individual constitutional rights. *See Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Thus, a Section 1983 plaintiff must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

It appears that Plaintiff attempted to cure the deficiencies of his original complaint by including in his FAC the statement that "Plaintiff submits that he has plead [sic] that the defendants acted under the color of state law." FAC at 6. However, even construing the complaint in the light most favorable to Plaintiff, this statement standing alone does not supply the Court with any facts from which it could infer how Defendants acted under the color of state law when they allegedly failed to provide adequate dental treatment to Plaintiff. *Price*, 939 F.2d at 708 ("conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a

3

claim under the Civil Rights Act" (internal quotation omitted).)  Without any facts showing how Defendants were acting under the color of state law, Plaintiff has failed to adequately state a Section 1983 claim.

    **b.**  **As Plaintiff Has Failed to State a Section 1983 Claim, This Court Has No Subject Matter Jurisdiction Over This Case**

  Plaintiff has not adequately alleged a Section 1983 claim.  Rather, the allegations in Plaintiff's complaint appear to be rooted in common law claims in tort or contract.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statue, which is not to be expanded by judicial decree." *Id.* (Internal citations omitted.)  In federal courts, the cases the courts are authorized to hear must arise from either "federal question jurisdiction" or "diversity" of citizenship of the parties when the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In the absence of an adequately alleged Section 1983 claim, the Court has no subject matter jurisdiction over this case due to the lack of an issue of federal law.  Further, there is no apparent diversity of citizenship between Plaintiff and Defendants.  As all Plaintiff's allegations relate to potential state law tort or contract actions against Defendants, Plaintiff has not adequately asserted how the Court has subject matter jurisdiction over this case.  Plaintiff will be given a final opportunity to file an amended complaint, and to the extent that his is able, cure the deficiencies outlined above.

**D.**  **Plaintiff's Amended Complaint Must Restate Each Claim and The Involvement of Each Defendant**

  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

  Based on the foregoing, it is HEREBY ORDERED that:

  1.  Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO

AMEND;

2. Plaintiff shall be given leave to file an amended complaint within **thirty (30) days** of the date of service of this order;

3. If Plaintiff again fails to state a claim under 42 U.S.C. §1983, the Court will recommend that the entire action be dismissed with prejudice; and

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 17, 2010**                             /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE