# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHY SMILES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01772-OWW-SKO<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>**OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS** |

    Plaintiff John Frederick Wheeler ("Plaintiff") is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983 that he filed on October 8, 2009. On November 17, 2009, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and issued an order dismissing the complaint for failure to state a cognizable claim. The Court, however, granted Plaintiff thirty (30) days to amend his complaint. On December 10, 2009, Plaintiff filed an amended civil rights complaint. The First Amended Complaint ("FAC") was screened, but the deficiencies of the original complaint were not cured. On June 18, 2010, the Court again dismissed the complaint granting thirty (30) days leave to amend. Plaintiff did not file an amended complaint.

    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal [of a case]." *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

*Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's June 18, 2010, order expressly stated that "[f]ailure to comply with this order will result in a recommendation that this action be dismissed."   Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to comply with the Court's order of June 18, 2010.


IT IS SO ORDERED.

**Dated:    July 22, 2010**                                                  **/s/ Sheila K. Oberto**
                                                                                      UNITED STATES MAGISTRATE JUDGE