1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| JOHN FREDERICK WHEELER, | **CASE NO.  1:09-cv-01772-OWW-SKO** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| HEALTHY SMILES, et al., | **OBJECTIONS DUE: 30 DAYS** |
| Defendants. | |

12
13
14
15
16

17

## I.   FACTUAL BACKGROUND

18      Plaintiff John Frederick Wheeler ("Plaintiff") is proceeding pro se with an action for damages

19  and other relief concerning alleged civil rights violations pursuant to 42 U.S.C. § 1983 that he filed

20  on October 8, 2009.  On November 17, 2009, the Court screened the complaint pursuant to 28 U.S.C.

21  § 1915(e)(2), and issued an order dismissing the complaint for failure to state a cognizable claim.

22  The Court, however, granted Plaintiff thirty (30) days to amend his complaint.  On December 10,

23  2009, Plaintiff filed an amended civil rights complaint.

24  **A.    November 17, 2009, Screening Order**

25      In his original complaint, Plaintiff claimed that his dental providers violated his civil rights

26  by providing him with a poor set of dentures.  In its November 17, 2009, screening order, the Court

27  explained that, to state a claim pursuant to Section 1983, Plaintiff must plead that defendants acted

28  under the color of state law at the time the act complained of was committed, and that the defendants

deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The Court further explained that, generally, private parties are not acting under color of state law. The Court concluded that Plaintiff failed to allege specific facts warranting an inference that Defendants acted under color of state law in a way that resulted in a deprivation of any federally protected rights. Finally, the Court noted that Plaintiff's claims appeared to be common law state claims in contract and/or tort. The Court explained that, as result, Plaintiff had failed to state any basis for subject matter jurisdiction in this Court. The Court granted Plaintiff thirty (30) days to amend his complaint. Plaintiff filed a First Amended Complaint on December 10, 2009.

**B.      June 18, 2010, Screening Order**

In his First Amended Complaint ("FAC"), Plaintiff reasserts that Defendants, consisting of entities or individuals engaged in the practice of dentistry or activities related to dentistry, created a poor set of dentures for Plaintiff, caused Plaintiff physical pain and embarrassment, and then charged Plaintiff additional money to repair the dentures. Among other things, Plaintiff asserts that he is unable to speak well with the dentures fashioned by Defendants, and, therefore, Defendants have impinged on his freedom of speech under the First Amendment and have deprived him of Due Process of law under the Fifth Amendment.

In its June 18, 2010, screening order, the Court again explained that, to state a claim pursuant to Section 1983, Plaintiff must plead facts indicating that defendants acted under the color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Gibson*, 781 F.2d at 1338. The Court provided Plaintiff a final opportunity to file an amended complaint to cure this deficiency to the extent that he was able.

**C.      July 23, 2010, Findings and Recommendations**

On July 23, 2010, following Plaintiff's failure to file an amended complaint, Magistrate Judge Sheila K. Oberto issued Findings and Recommendations that the action be dismissed based on Plaintiff's failure to comply with the June 18, 2010, screening order. On August 6, 2010, Plaintiff filed objections to the Findings and Recommendations asserting that he needed an extension of time

1    to file the amended complaint because he had been having trouble with "delivery of both inco[ming]

2    and outgoing mail."  (Doc. 8.)  On September 9, 2010, the Court issued an order granting Plaintiff

3    a 30-day extension of time to file an amended complaint.

4    **D.    Plaintiff's August 6, 2010, Pleading**

5            On August 6, 2010, in addition to filing objections to the Magistrate Judge's Findings and

6    Recommendations, Plaintiff also filed a pleading that was labeled "Second Amended Complaint."

7    (Doc. 9.)  This pleading did not relate to the initial complaint or the FAC in that it did not arise out

8    of related conduct or transactions set forth in the initial complaint or the FAC.  For that reason, the

9    Court ordered that the "Second Amended Complaint" be stricken, and allowed Plaintiff to resubmit

10   that particular pleading to the Court so that a new case be opened based upon that pleading.  (Doc.

11   11.)[1]

12          On September 15, 2010, Plaintiff again filed objections to the Magistrate Judge's July 23,

13   2010, Findings and Recommendations.  (Doc. 12.)  Plaintiff stated that the Court misdirected his

14   "Second Amended Complaint" by filing it in this case under case number 1:09-cv-1772-OWW-SKO.

15   Plaintiff asserted that he did not include a case number with the "Second Amended Complaint"

16   because he did not intend it to be associated with 1:09-cv-1772-OWW-SKO.  He stated that, as a

17   result of the misfiling, he "has lost almost 30 days."

18          On October 22, 2010, in response to Plaintiff's "objections" stating that he had lost time in

19   completing an amended complaint for purposes of this action due to the misfiling of his August 6,

20   2010, pleading, the Magistrate Judge issued an order allowing Plaintiff additional time to file an

21   amended complaint.  The Magistrate Judge ordered that Plaintiff file an amended complaint on or

22   before November 17, 2010.

23          Despite that order and several extensions of time, Plaintiff has failed to file an amended

24   complaint.  The Court recommends that Plaintiff's complaint be dismissed with prejudice for failure

25   to state a claim and for failure to comply with the Court's October 22, 2010, order.

26   _____

27          [1] The stricken pleading, the "Second Amended Complaint," was filed as a new case bearing the caption
     "John Frederick Wheeler v. Social Security Administration et al." with an assigned case number of 1:10-cv-01679-
28   LJO-JLT.

1

## II.   DISCUSSION

2

### A.   Screening Standard

3       In cases where the plaintiff is proceeding in forma pauperis, the Court is required to screen

4   each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty

5   is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief

6   may be granted, or seeks monetary relief against a defendant who is immune from such relief.

7   28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to

8   amend may be granted to the extent that the deficiencies of the complaint can be cured by

9   amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

10

### B.   Failure to State a Claim

11       In determining whether a complaint fails to state a claim, the Court uses the same pleading

12   standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

13   contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

14   R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

15   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

16   accusation."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

17   *Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

18   accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*,

19   550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

20   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*

21   (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual

22   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

23   *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

24   statements, do not suffice."  *Id.* (quoting *Twombly*, 550 U.S. at 555).

25

26

27

28

## C.    Discussion

### 1.    Plaintiff's Complaint Should Be Dismissed Because It Fails to Allege a Cognizable Claim Under Section 1983.

To state a claim under Section 1983, a plaintiff must plead that the defendant acted under color of state law. *Gibson*, 781 F.2d at 1338. Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). The Constitution protects individual rights only from government action and not from private conduct of which Plaintiff complains that individual constitutional rights are implicated. *See Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Thus, a Section 1983 plaintiff must show that a defendant's actions are fairly attributable to the government, which generally involves significant state involvement in the action in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002).

It appears that Plaintiff attempted to cure the deficiencies of his original complaint by including in his FAC the statement that "Plaintiff submits that he has plead (sic) that the defendants acted under the color of state law." FAC at 6. However, even construing the complaint in the light most favorable to Plaintiff, this statement standing alone does not supply the Court with any facts from which it could infer how Defendants acted under the color of state law by allegedly failing to provide adequate dental treatment to Plaintiff. *Price*, 939 F.2d at 708 ("conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act"). (internal quotation marks omitted). Without any facts showing how Defendants were acting under the color of state law, Plaintiff has failed to adequately state a Section 1983 claim.

### 2.    Plaintiff's Complaint Should Be Dismissed for Failure to Comply with the Court's October 22, 2010, Order

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions, including, where appropriate . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52,

53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's October 22, 2010, order expressly stated that, if "Plaintiff again fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a claim upon which relief can be granted and for failure to comply with the Court's order." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that the Complaint be DISMISSED pursuant to Local Rule 110, for Plaintiff's failure to obey the Court's Order of October 22, 2010, and

for failing to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** __**November 24, 2010**__                    _____/s/ Sheila K. Oberto_____
                                             UNITED STATES MAGISTRATE JUDGE