**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN FREDERICK WHEELER,<br><br>           Plaintiff,<br><br>    v.<br><br>HEALTHY SMILES, et al.,<br><br>           Defendants. | 1:09-cv-01772-OWW-SKO<br><br>ORDER DENYING MOTION TO FILE THIRD AMENDED COMPLAINT (Doc. 22) |

## I. INTRODUCTION.

Plaintiff is a *pro se* litigant asserting a civil rights claim under 42 U.S.C. § 1982. Specifically, Plaintiff alleges that his First Amendment rights were violated by state-contracted dentists who provided him with dentures that make it difficult for him to speak. Plaintiff also contends that the malformed dentures violate his due process rights.

On January 28, 2011, the court entered an order adopting the Magistrate Judge's Findings and Recommendations recommending that Plaintiff's action be dismissed with prejudice. (Doc. 19). Also on January 28, 2011, judgment was entered in favor of Defendants. (Doc. 20).

On February 22, 2011, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations, along with a

motion to file a third amended complaint. (Docs. 21, 22). Plaintiff lodged a copy of the proposed third amended complaint ("proposed TAC"). (Doc. 23).

## II. DISCUSSION.

The Magistrate Judge's Findings and Recommendations advised Plaintiff that his complaint failed to state a claim because it did not allege state action. (Doc. 14 at 5) (citing *Franklin v. Fox,* 312 F.3d 423, 444-45 (9th Cir. 2002)). Assuming *arguendo* that there is a justification for Plaintiff's belated motion to amend, because the proposed TAC does not remedy the deficiencies identified in the Findings and Recommendations, Plaintiff's motion must be denied.

Plaintiff's proposed TAC alleges that because the dentist who prepared his dentures did so pursuant to a contractual agreement with the State of California, they were state actors for the purposes of their conduct. (Proposed TAC at 2). The proposed TAC is deficient because, *inter alia*, it does not allege sufficient facts to establish any state action. A private party may be found to be a state actor for the purposes of section 1983 liability only if its conduct is "chargeable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). The Supreme Court has articulated the following four tests for determining whether a private party's conduct constitutes state action: (1) the state compulsion test, (2) the public function test, (3) the joint action test, and (4) the governmental nexus test. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). The sole allegation Plaintiff advances in support of his argument that Defendants were acting as "state actors" when they provided him

**2**

with dentures is that Defendants were under contract with the State to provide such dental work. (Proposed TAC at 2). "Detailed regulation of and substantial funding for private actors are not sufficient to transform [a private] party's conduct into state action" under any of the four theories identified by the Supreme Court. *See Jensen v. Lane County*, 222 F.3d 570, 575 (9th Cir. 2000) (citation omitted). Rather, the State must be "so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Id*. The proposed TAC does not contain sufficient allegations to raise an inference that Defendants were state actors for purposes of a section 1983 action. See *Franklin*, 312 F.3d at 445 (discussing requirements of various theories for attributing private action to a state).

### ORDER

For reasons stated, Plaintiff's motion to amend (Doc. 22) is DENIED.

IT IS SO ORDERED.

**Dated:   March 4, 2011**              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE